ORDER

PER CURIAM.
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss for lack of jurisdiction Horace Houston, Jr.’s appeal from the United States Court of Appeals for Veterans Claims. Houston did not respond.
Houston appealed to the Court of Appeals for Veterans Claims from an April 15, 2005, decision of the Board of Veterans’ Appeals that denied him entitlement to (1) an increased disability rating for his service-connected residuals of fracture, right patella, status post open reduction and internal fixation, currently rated at 30%; (2) an increased initial disability rating in excess of 10% for his service-connected patello-femoral syndrome of the left knee; and (3) an increased initial disability rating in excess of 10% for his service-connected degenerative joint disease of the left hip. The court held that the Board’s degree of disability determinations were factual and plausible in light of the record on appeal.
The Secretary argues that Houston’s informal brief does not raise an issue that falls within this court’s jurisdiction. We agree. Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
*990 In his brief, Houston does not raise a constitutional, statutory or regulatory issue. Williams challenges only the Court of Appeals for Veterans Claims’ review of the Board’s factual determinations. Thus, this court does not have jurisdiction over the appeal. 38 U.S.C. § 7292(d)(2).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.